MINUTE ENTRY
KNOWLES, M.J.
APRIL 11, 2008

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERON FALANGA, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-4235 |
| ALLSTATE INSURANCE COMPANY | SECTION "R" (3) |

Plaintiff's Motion to Compel **#28** and Allstate's Motion to Compel as Supplemented **#26** came on for hearing before the undersigned Magistrate Judge. Counsel for plaintiffs and the defendant were present in chambers.

Pursuant to the hearing, the Court issues the following orders, to wit:

**IT IS ORDERED** that Allstate's Motion to Compel Medical Records Information #26 is GRANTED; however, defendants shall issue SDT's for the aforesaid records returnable to plaintiff's counsel, who shall in turn provide same to defense counsel.[1]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel #28 is GRANTED IN PART, DENIED IN PART and DISMISSED AS MOOT IN PART all as more specifically set forth herein below, to wit:

(1) As to Interrogatory No. 3, plaintiff's motion to compel is dismissed as moot in light

---

[1] The Court found that, while medical records are not a necessary prerequisite for a recovery of monetary damages for mental and emotional injury, such records may provide evidence relevant to the controverted issue of whether plaintiffs suffered "extreme" emotional anguish or emotional distress *because of* the defendant's alleged wrongful conduct and such evidence may be utilized to establish plaintiffs' pre- and post-Katrina mental and emotional condition.

1

MJSTAR(00:30)

of the supplemented response as of the date of the April 2, 2008 hearing.

(2) As to Interrogatory Nos. 4 (seeking identification of all adjusters, etc., who assisted in evaluating plaintiffs' claim), 11 (seeking a description of every step taken and a recount of every communication with respect to the investigation and adjustment of the Falanga claim), 20 (seeking identification of all Falanga claims' files relative to this claim) and 23 (seeking an explanation of Allstate's system for maintaining a chronology of claim file activities) and Request for Production No. 17 (which seeks production of the index to claims file), said discovery requests are all aimed at the production of the "dashboard data management review" corresponding to the Falanga claim.  In this regard, plaintiffs produced a document produced at the time of the hearing (" 5113330277 Activity Log" ICO of the claim of an insured other than Falanga).  A review of the document suggests that, at least with respect to that particular insured's claim, Allstate maintained multiple claims files, to wit: (1) Allstate Claims History; (2) Pilot Claims History; (3) Allstate Diary (activity notes); and (4) a Pilot Diary.  Additionally, it suggests that two separate databases (Allstates' and Pilot's) are maintained.  Allstate shall revisit the aforesaid enumerated requests and, following further investigation, supplement the aforesaid discovery responses by providing the plaintiffs with any corresponding "Activity Log," if any such "dashboard" or activity log exists regarding the Falanga claim and, if no such document exists, Allstate shall supplement its discovery responses to so state.

(3) As to Interrogatory Nos. 5 and 10, subject to the entry of an agreed upon protective order sufficient to protect Allstate's commercially-sensitive information from disclosure beyond the bounds of this lawsuit, defendant shall supplement its response by producing documents showing the practices and procedures for adjusting property damage claims in Louisiana.

(4) As to Interrogatory Nos. 6 and 7, plaintiff's motion to compel is DENIED and defendant's objections (overly broad and unduly burdensome) are SUSTAINED.

(5) As to Interrogatory Nos. 12 and 14 (seeking *opinions* as to Allstate's position with respect to the nature of "wind damage" sustained by *each property* it insured within a one mile radius of the Falanga Property on August 29, 2005 properties within a mile that recovered full homeowner's policy limits within the same one mile radius and, as to the latter, an explanation as to how the cause and origin those other insureds' losses differed from the cause and origin of the Falangas' loss), plaintiffs' motion to compel is DENIED and the defendant's valid objections (overly broad and unduly burdensome) are SUSTAINED.  This ruling issues without prejudice to plaintiff's right to draft a request for production regarding other potential claims that were treated differently.  However, such request should be more narrowly tailored (1) as to the subject matter (value policy /policy limits homeowner's post-Katrina claim)  and (2) as to geographic scope.  An example of more narrowly tailored case specific discovery as opposed to the unduly burdensome dragnet request posed by the plaintiffs would include parameters such as: (A) Allstate's post-Katrina value policy homeowner's claims files and/or Allstate's post-Katrina homeowner's claims for policy limits (non-privileged materials only); (B) involving more closely situated other insureds' properties – *i.e*., situated within a 1/4 of a mile radius of the Falangas' property;  ( C ) which properties also sustained *covered* flood damage; and (D) in addition filed a claim against Allstate for its homeowner's (wind) policy limits.

(6) As to Interrogatory Nos. 13 seeking information/documents already provided in the context of Allstate's Initial Disclosures, plaintiffs' motion to compel is DENIED.

(7) As to Interrogatory No. 16, Allstate shall provide a reasonable estimate of the number

of Hurricane Katrina-related homeowner's claims adjusted in the State of Louisiana.

(8) As to Interrogatory Nos. 17 and 18 (seeking identification of all Hurricane Katrina-related lawsuits filed against Allstate, *inter alia*,) and Request for Production No. 28 (seeking all non-privileged *post*-trial communications with respect to the *Weiss v. Allstate* case), plaintiffs' motion to compel is DENIED and Allstate's objections are SUSTAINED. The information and documentation sought is unlimited in scope and not reasonably related to the Falanga claim or the issues and defenses brought to bear in this case. Specifically addressing the *Weiss* case, the undersigned did not preside over the non-dispositive matters in that case either while the case was pending or thereafter. In any event, this Court is loathe to find that any correspondence sequelae to *Weiss, supra,* could possibly have any bearing on the Falangas' allegations of pre-suit bad faith claims handling, *inter alia*.

(9) As to Interrogatory No. 21 seeking identification of all Hurricane Katrina-related lawsuits filed against Allstate, *inter alia*, in which it has been sanctioned or reprimanded regarding discovery, plaintiffs' motion to compel is DENIED and Allstate's objections (unduly burdensome and harassing) are SUSTAINED.

(10) As to Request for Production No. 2, Allstate shall supplement its response by providing any 8mm original video of any inspections of the Falanga's property or state that no such video in original native format exists.

(11) As to Request for Production No. 7 (seeking *all general files maintained by Allstate* relative to Katrina losses but not specific to claims), plaintiffs' motion to compel is DENIED and Allstate's objections (vague, overly broad and unduly burdensome) are SUSTAINED. The generic request does not seek a category of documents and is not designed to yield documents

reasonably related to the Falanga claims for coverage and alleged "bad faith."

  (12) As to Request for Production Nos. 9 and 25, Allstate shall supplement by producing responsive emails in native format (if they exist), and, if not, Allstate supplement its response to so state.  Otherwise, Allstate's response is sufficient – i.e., Allstate specifically responded that it has previously produced all non-privileged documents/information, all of which were included in its Initial Disclosures to the plaintiffs.

  (13) As to Request for Production No. 10, subject to an agreed-upon protective order, Allstate shall produce "reserve information."  Any such information withheld or redacted under claims of attorney-client or work-product privileges shall be made the subject of a log and produced for *in camera* review.[2]

  (14) As to Request for Production Nos. 11 and 12, plaintiffs' motion to compel is DENIED.  Allstate responded that all non-privileged inter-office communications and correspondence between Allstate and Parson have been previously produced in the context of its initial disclosures to the plaintiff.  The aforesaid response is sufficient.

  (15) As to Request for Production No. 14, seeking production of any and all investigatory documents prepared by or on behalf of Allstate regarding any aspect of Falanga's claim, no supplementation is required in that Allstate fully responded stating that Allstate has produced all non-privileged portions of the Falanga claim file and that no background investigations, criminal records checks or credit checks, *inter alia*, were conducted in this case.  Allstate acknowledged

---

[2]*See Omega Protein Corp. v. Lexington Ins. Co.*, 2007 WL 519686 (W.D. La. 2007) (regarding the *discoverability* of non-privileged reserve information explaining that the decision in *Shelter Mutual Ins. Co. v. Culbertson Ltd., Inc.* 1999 WL 539520 (E. D. La. 1999) addresses *admissibility*).

its continuing obligation to supplement its responses as responsive information or documentation becomes available.

(16) As to Interrogatory No. 22 (seeking information as to whether either the Sonenschein and/or the Crosby law firms had any involvement in the Falanga claim), Request for Production No. 18 (seeking copies of any and all judgments or orders (final or not)) corresponding to the aforesaid interrogatory) and Request for Production No. 22 (seeking production of copies of *all communications, grievances and complaints that have been provided to State Farm by the Louisiana Department of Insurance),* Allstate's objections are SUSTAINED.  Allstate has stated over and over again that it produced the entire claims file, to the extent it is not privileged.  Further requests along these lines seeking information regarding other counsel's involvement in the Falanga claim is obviously aimed at discovery of work product and/or attorney-client communications.  To the extent that plaintiffs seek production of orders and judgments in "other claims" involving the aforesaid two lawfirms, plaintiffs' counsel is fully capable of performing their own record search and the undersigned will not put the defendant to a task that is unduly burdensome.  Plaintiffs have yet to explain to this Court how the information/documents sought are related to any claim or issue in this case in the context of their motion to compel or memorandum in support which was, in a nutshell, generic.  As to any grievance filed by the Falangas against Allstate with the Commissioner of Insurance, plaintiffs would already be in possession of any such communications.  Accordingly, plaintiffs' motion to compel is DENIED with respect to the aforesaid enumerated written discovery requests.

(17) As to Request for Production No. 24 (seeking production of *any* catastrophe modeling), defendant's objections regarding the scope (exceedingly over broad and unduly

burdensome, *inter alia*) are SUSTAINED.  This order issues fully reserving the plaintiff's right to revise its request such that the information and documentation sought is more narrowly tailored to the Falanga claim and/or the area in which the subject property is situated.

    (18) As to Request for Production Nos. 26 and 27, Allstate plainly stated in its response that the previously produced Falanga claim file contains the engineering report submitted by Parsons Brinckerhoff and, to the best of Allstate's knowledge, that is the only version of the report provided to Allstate.  The requests have been satisfied subject to Allstate's continuing obligation to supplement as responsive documentation becomes available to the defendant.  Therefore, as to the aforesaid written discovery requests, plaintiffs' motion to compel is DENIED.

 

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**